# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| Case No. | **SACV 14-1531 JGB (SPx)** | Date | November 13, 2014 |
|---|---|---|---|

| Title | ***Maria Baron, et al. v. Johnson & Johnson, et al.*** |
|---|---|

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING AS MOOT Defendants' Motion to Stay (Doc. No. 9); (2) GRANTING Plaintiffs' Motion to Remand (Doc. No. 17); (3) REMANDING the Action to the Superior Court of California, County of Orange; and (4) VACATING the November 17, 2014, Hearing (IN CHAMBERS)**

Before the Court are Defendants' Motion to Stay (Doc. No. 9.) and Plaintiffs' Motion to Remand (Doc. No. 17). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Plaintiffs' Motion to Remand and DENIES AS MOOT Defendants' Motion to Stay. The November 17, 2014, hearing on the motions is VACATED.

## I. BACKGROUND

On February 18, 2014, ninety-five individual Plaintiffs filed a complaint in state court against Defendants Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, and Does 1 through 500, inclusive (collectively, "Defendants"). ("Compl.," Decl. of Joshua J. Wes, Doc. No. 4, Ex. A). The Complaint alleges that Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic mesh devices designed, tested, manufactured, marketed, sold, and distributed by Defendants. (Compl. ¶¶ 1, 138-75).

On April 16, 2014, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal ¶ 4, Doc. No. 1). On June 18, 2014, the Court remanded the action to the Orange County Superior Court, finding that there was not complete diversity among Plaintiffs and Defendants and thus the Court lacked diversity jurisdiction over this action,

pursuant to 28 U.S.C. § 1332.  See Maria Baron, et al. v. Johnson & Johnson, et al., SACV 14-591 JGB (SPx), slip op. at 3, 8 (C.D. Cal. August 6, 2014).

On August 22, 2014, Plaintiffs filed a Petition for Coordination, requesting that the California Superior Court consider coordination of this action with other similar actions. ("Petition," Defs.' Mot. to Stay, Doc. No. 11-3, Ex. B).  Specifically, the Petition requested the coordination of this action with three other California Superior Court cases: Isabel Vasquez, et al. v. Johnson & Johnson, et al., Case No. BC536448; Violet Rappuchi, et al. v. Johnson & Johnson, et al., Case No. BC536366; and Lourdes Heredia, et al. v. Johnson & Johnson, et al., Case No. 30-2014-00706619-CU-PL-CXC.  (Petition at 4-5).  Plaintiffs sought coordination pursuant to California Code of Civil Procedure § 404 and California Rules of Court 3.521, et seq. (Petition at 1).  Defendants were served with the Petition on August 26, 2014.  (Decl. of Joshua J. Wes ¶ 4, Doc. No. 2).

On September 22, 2014, Defendants again removed this action asserting federal court jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Not. of Removal ¶¶ 9, 26, Doc. No. 1).  Defendants also removed the three related actions from California Superior Court; those cases were also assigned to this Court.  See Isabel Vasquez, et al. v. Johnson & Johnson, et al., CV 14-7391 JGB (SPx); Lourdes Heredia, et al. v. Johnson & Johnson, et al., SACV 14-1530 JGB (SPx); Violet Rappuchi, et al. v. Johnson & Johnson, et al., CV 14-7392 JGB (SPx).

On October 3, 2014, Defendants filed a Motion to Stay this case, pending disposition of the Ninth Circuit's en banc proceedings in Romo v. Teva Pharmaceuticals USA, Inc., No. 13-56310.  ("MTS" at 1, Doc. No. 9).  Plaintiffs opposed on October 9, 2014.  ("MTS Opp'n," Doc. No. 14).  Defendants filed their Reply on October 16, 2014.  ("MTS Reply," Doc. No. 16).

On October 17, 2014, Plaintiffs filed a Motion to Remand this case to state court, contending that removal pursuant to CAFA is improper.  ("MTR," Doc. No. 17).  On October 27, 2014, Defendants filed an Opposition to the Motion to Remand.  ("MTR Opp'n," Doc. No. 18). Plaintiffs replied on November 3, 2014.  ("MTR Reply," Doc. No. 19).

## II.  LEGAL STANDARD

### A.  Stay

The United States Supreme Court has held that a court has discretion to stay an action as part of its efforts to efficiently manage the cases on its docket.  See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency."); Luu v. Allstate Ins. Co., No. 5:11-cv-01523 EJD, 2011 WL 3360040, at *1 (N.D. Cal. Aug. 2, 2011).  When considering whether to grant a stay, a court properly assesses the competing interests involved, including any harm that might result from staying a case, any hardship that a party might suffer if

the stay is denied, and whether a stay would serve to simplify "the issues, proof, and questions of law." See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

### B.  Remand

The Class Action Fairness Act of 2005 ("CAFA") grants the district courts original jurisdiction over "mass actions."  See 28 U.S.C. § 1332(d)(11)(A).  A "mass action" is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  28 U.S.C. § 1332(d)(11)(B)(i).  However, a mass action may include only those plaintiffs who are diverse from defendants and whose claims involve over $75,000 in controversy.  Id.; 28 U.S.C. § 1332(a).  Moreover, a mass action does not include cases in which "the claims have been consolidated or coordinated solely for pretrial proceedings."  28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

"[T]he general principles of removal jurisdiction apply in CAFA cases."  Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).  Thus "the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction."  Abrego Abrego, 443 F.3d at 685.  Removal jurisdiction should be strictly construed in favor of remand to protect the jurisdiction of state courts.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal."  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (internal citations omitted).

## III. DISCUSSION

### A.  Order of the Motions

On June 18, 2014, this Court explained that courts properly consider subject matter jurisdiction before deciding other issues, such as the propriety of staying a case. See Maria Baron, et al. v. Johnson & Johnson, et al., SACV 14-591 JGB (SPx), slip op. at 3, (C.D. Cal. August 6, 2014).  The Court will briefly reiterate its reasoning here.

The Ninth Circuit has made clear that "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues."  Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008).  More specifically, "[o]nly where the other issue itself creates the jurisdictional issue" or "resolution of the issue is clear while the jurisdictional issue is difficult" may a court "proceed without confirming jurisdiction."  Id.  In view of the binding precedent currently in existence in this circuit, the Court does not consider the jurisdictional issue in this action to be particularly difficult, and the Court should therefore begin by considering Plaintiffs' Motion to Remand.  Numerous courts in this circuit have decided to consider the issue of remand prior to a request to stay in order to address the jurisdictional issue first.  See DeKalb v. C.R. Bard, Inc., No. CV 13-6308 DMG (PJWx), Doc. No. 30 (C.D. Cal. Oct. 8, 2013); Perry v. Luu, No. 1:13-cv-729, 2013 WL 3354446, at *3 (E.D. Cal. July 3, 2013) (addressing motion to

remand before motion to stay pending determination by JPML in pelvic mesh case); Goodwin v.
Kojian, No. SACV 13-325, 2013 WL 1528966, at *2 (C.D. Cal. Apr. 12, 2013) (same).

### B.  Remand

Defendant removed this case as a mass action, pursuant to this Court's CAFA jurisdiction
under 28 U.S.C. § 1332(d)(11).  Defendant argues that "CAFA provides federal jurisdiction over
this case because Plaintiffs have petitioned for . . . coordination of this and three other related
cases on the ground that their claims involve common questions of law or fact."  (MTR Opp'n at
4-5.  In contrast, Plaintiffs seek to remand, arguing that the Court lacks subject matter
jurisdiction over this action because Plaintiffs have sought to coordinate the cases "solely for
pretrial proceedings," 28 U.S.C. § 1332(d)(11)(B)(ii), which excepts the cases from removal as a
mass action.  (MTR at 1).

In Tanoh v. Dow Chemical Co., 561 F.3d 945, 952-53 (9th Cir. 2009), the Ninth Circuit
rejected the defendant's attempts to remove seven individual state court actions that each
involved fewer than 100 plaintiffs.  The panel explained that CAFA's language was clear that
removal is not appropriate where "neither the parties nor the trial court has proposed
consolidating the actions for trial."  Id. at 953.  In other words, mass actions include "only
actions in which the trial itself would address the claims of at least one hundred plaintiffs."  Id. at
954.

In their Petition for Coordination, Plaintiffs sought coordination of the four related cases
only for pretrial purposes.  Plaintiffs' Petition does not request a joint trial; instead it suggests
consolidation only for the purposes of "pretrial motion practice, written discovery, and common
depositions of both lay and expert witnesses."  (Petition at 7).  Therefore, these four related cases
fall within the explicit exception for "claims that have been consolidated or coordinated solely
for pretrial proceedings," which was carved out by Congress.  See 28 U.S.C. §
1332(d)(11)(B)(ii)(IV).  Therefore, pursuant to 28 U.S.C. § 1332(d)(11) and the Ninth Circuit's
opinion in Tanoh, 561 F.3d at 952-53, the Court lacks CAFA subject matter jurisdiction over this
case.  Moreover, on analogous facts, other courts in this district have similarly held that removal
is inappropriate and that remand is thus required.  See, e.g., Heller, et al. v. AstraZeneca LP, et
al., No. LA CV 14-04170 JAK (SHx), slip op. at 2 (C.D. Cal. July 2, 2014) (collecting Central
District cases remanding to California court).

Accordingly, the Court remands this case to California Superior Court.

### C.  Stay

Defendant argues that this Court should stay its decision on whether removal of this case
was appropriate until the Ninth Circuit releases its decision in an appeal addressing whether mass
action jurisdiction is triggered by the coordination of cases in California Superior Court pursuant
to California Code of Civil Procedure § 404.  (MTS at 1).

In Romo v. Teva Pharmaceuticals USA, Inc., 731 F.3d 918, 924 (9th Cir. 2013), a three
judge panel of the Ninth Circuit examined a petition to coordinate cases pursuant to California

Code of Civil Procedure § 404 and determined that "requests for coordination under this California procedural rule were not the equivalent of a request for a joint trial." Therefore, the panel affirmed the district court's decision to remand the case to state court. <u>Id.</u> The Ninth Circuit's opinion highlighted the fact that "the plaintiffs' petition for coordination stopped far short of proposing a joint trial." <u>Id.</u> at 922. However, following the panel's decision, the Ninth Circuit granted rehearing en banc. <u>See</u> <u>Romo v. Teva Pharmaceuticals USA, Inc.</u>, 742 F.3d 909, 909 (9th Cir. 2014). The Ninth Circuit heard oral argument on June 19, 2014, but has not yet issued an opinion. (MTS at 1).

Defendant argues that the Court should stay this case because the Ninth Circuit might reverse the panel's <u>Romo</u> decision. (MTS at 1). However, until the Ninth Circuit issues such a reversal, this Court must follow existing precedent, including <u>Tanoh</u>. When faced with this same question, several federal courts in this district refused to stay their cases and instead remanded to state court. <u>See, e.g.,</u> <u>Golden, et al. v. AstraZeneca Pharm. LP, et al</u>, No. CV 14-04115 BRO (AGRx), slip op. at 5 (C.D. Cal. June 9, 2014) (explaining that "<u>Tanoh</u> remains the binding precedent. And the Court is unwilling to wait and see whether that will change once the en banc decision in <u>Romo</u> is issued."); <u>Gilbert, et al. v. AstraZeneca Pharm. LP, et al.</u>, No. CV 14-4012-JFW (JPRx), slip op. at 2 (C.D. Cal. June 5, 2014) ("The Court declines to stay this action on the mere chance that the Ninth Circuit will reverse its earlier precedent when it rules en banc in <u>Romo</u> . . . .").

Accordingly, pursuant to currently existing precedent, the Court lacks subject matter jurisdiction and must remand the case to California Superior Court. Defendant's Motion to Stay is thus rendered moot.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand, DENIES AS MOOT Defendants' Motion to Stay, and REMANDS this action to the Orange County Superior Court.

**IT IS SO ORDERED.**