IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HELEN CANNON, et al.,

        Plaintiffs,

v.                                 CIVIL ACTION NO. 2:15-cv-05858

ETHICON, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
(Dismissing Without Prejudice for Lack of Personal Jurisdiction)

Pending before the court is the Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 100] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") as to plaintiff Sarah Haselden. The court will construe this motion to include Ethicon, LLC. The plaintiff has responded [ECF No. 103]. For the reasons stated below, this motion is **GRANTED**.

I.    Background

This case is one of several thousand assigned to me by the Judicial Panel on Multidistrict Litigation. These MDLs involve the use of transvaginal surgical mesh to treat pelvic organ prolapse or stress urinary incontinence.

Legal Standard

A.  Motion to Dismiss

When a defendant moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). When the court addresses the jurisdictional question based on the "motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.* (quoting *Combs* 886 F.2d at 676). In those circumstances, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *Combs* 886 F.2d at 676).

B.  Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pre-trial motions. In multidistrict litigation cases such as this, personal jurisdiction is determined by reference to the law of the transferor forum. *In re Plumbing Fixtures Litig.*, 342 F. Supp. 756, 758 (J.P.M.L. 1972). Specifically, "in cases that are consolidated for pretrial purposes under 28 U.S.C. § 1407, a transferee court can exercise personal jurisdiction only to the same extent as the transferor court could." *In re Sterling*

*Fisher & Co., Inc. Sec. Litig.*, 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002). Therefore, I apply California law for the purpose of determining the issue of personal jurisdiction.

### C. Personal Jurisdiction

"A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994). The California long-arm statute extend[s] "jurisdiction on any basis not inconsistent with the constitution of [California] or of the United States." Code Civ. Proc. § 410.10. Consequently, the statutory inquiry merges with the constitutional inquiry, and the court must determine whether exercising personal jurisdiction over the defendant is consistent with the Due Process Clause. *See id.*

The Supreme Court has recognized two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779–80 (2017). "A court with general jurisdiction may hear *any* claim against that defendant," including claims that are unrelated to an out-of-state defendant's contacts with the forum. *Id.* at 1780. Courts may assert general jurisdiction over defendant corporations when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Barring an "exceptional case," a corporation is at home only in its place of incorporation and its principal place of business. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 &

n.19 (2014); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (finding an out-of-state defendant with over 2,000 miles of in-state railroad tracks and more than 2,000 in-state employees not essentially at home). Mere sale of a product in a state does not warrant a finding that the out-of-state defendant is essentially at home in the state. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 757 (2014).

A court with specific jurisdiction may hear claims that arise from an out-of-state defendant's contacts with the relevant forum. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780. When there is no connection between the plaintiff's claims and the defendant's forum contacts, the court does not have specific jurisdiction regardless of the extent of the defendant's other forum contacts. *Id.* at 1781.

## II. Analysis

### A. General Jurisdiction

Ethicon is not incorporated in California, nor is its principal place of business in California. Given that Ethicon's only contact with California mentioned in the record is Ethicon's sale of mesh products within California, Ethicon is not essentially at home in California. *See Daimler AG v. Bauman*, 134 S. Ct. at 757. Accordingly, I **FIND** the court does not have general jurisdiction over Ethicon in this case.

### B. Specific Jurisdiction

Ethicon's only contact with California mentioned in the record is Ethicon's sale of mesh products within California. Given that the record indicates no connection between the mesh product implanted in the plaintiff in South Carolina and Ethicon's mesh products sold in California, a finding of specific jurisdiction is not appropriate.

*See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781. Accordingly, I **FIND** the court does not have specific jurisdiction over Ethicon in this case.

### III. Conclusion

For the reasons stated above, it is **ORDERED** that Ethicon's Motion to Dismiss [ECF No. 100] is **GRANTED** and the defendants Ethicon, Inc., Ethicon, LLC and Johnson & Johnson are **DISMISSED without prejudice as to plaintiff Sarah Haselden**. With no plaintiffs or defendants remaining, the court **ORDERS** the case closed and stricken from the docket. The court **DIRECTS** the clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 11, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE